MILLARD (BABCOCK v.). See Case No. 699.

---

## Case No. 9,547.

### MILLARD v. CRAIG.

[8 Leg. Int. 22.]

District Court, S. D. New York. Jan. 30, 1851.

PRACTICE IN ADMIRALTY—CONDITIONS TO DEFENDING—COSTS—STIPULATION.

[This was a libel in personam by Walter Millard and others against James E. Craig and others, owners of the scow Globe.]

THE COURT decided that, in giving a bond to relieve property taken by a clause of foreign attachment, that the defendant must pay the taxed costs on said motion, as a condition to be permitted to defend the cause on its merits. Order accordingly.

On another motion in the same cause, THE COURT held that the supreme court, by rule 4, has changed the character and scope of stipulations in cases of personal arrest. [Case No. 9,548.] In suits in personam, in whatever way the defendant is brought into court, he is required to give a stipulation to satisfy the decree before he can be admitted to defend the case, instead of giving stipulations for costs only.

---

## Case No. 9,548.

### MILLARD et al. v. CRAIG et al.

[18 Betts, D. C. MS. 4.]

District Court, S. D. New York. January 27, 1851.

PRACTICE IN ADMIRALTY—COSTS OF ATTACHMENT.

[Respondent in an admiralty suit in personam, after an attachment has been levied upon a return "Not found," before being permitted to defend the cause on its merits, should pay the costs of the attachment.]

[This was a libel by Millard and Mills against James E. Craig and others, owners of the scow Globe. The scow was taken on foreign attachment, and the question is now as to costs thereon.]

BETTS, District Judge. The warrant of arrest in this cause was accompanied by a clause of foreign attachment. The marshal returned the defendants "Not found," and that he had attached the scow Globe, as their property. Sometime subsequent to this return, and after the default of the defendants had been taken, they were allowed by the court, on their motion, to come in and defend the case, on giving the stipulation or bond required by rule 6 of the supreme court. That bond has been given, and the question now is, which party is to pay the costs accrued on the foreign attachment? The property arrested should now be given up, the end for which it was attached having been secured. Sup. Ct. Rule 101. But it rests in the discretion of the court to adjudge, in matters of costs, according to the equity of the parties. Prima facie, the party relieved from a default, or to whom a favor in forwarding his defence is accorded, will be chargeable with the costs created by the proceeding from which he is relieved. Sup. Ct. Rules 10, 40. Here there is no open motion by the defendants to discharge the scow. Their interpretation of the rule is that it becomes released by virtue of the appearance of the parties personally affected pursuant to the rules. This may be so, but it does not therefore dispose of the question whether they are exonerated from costs thereby, or are chargeable with them. In my opinion, it is an equity on the part of the libellant, incident to the appearance of a defendant so pronounced against, that the defendant should satisfy the costs incurred in bringing him into court. If any facts exist on his part tending to counterbalance that general equity, they should be made to appear by him. In observance of all particulars other than what are presented by these papers, I think the defendants come within the rule, and that they must pay the taxable costs on the foreign attachment, as a condition to being permitted to defend the cause on its merits. Order accordingly.